# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SHERRY GROOVER, as Personal
Representative of the Estate of JOHN
DARRELL HAMILTON, deceased, for
the benefit of his survivors and estate;
SHERRY GROOVER, individually; JULIE
JACOBY; and LOIS FULKERSON,

      Plaintiffs,

v.                            Case No. 8:18-cv-02454-T-02TGW

POLK COUNTY BOARD OF COUNTY
COMMISSIONERS; CITY OF WINTER
HAVEN; JASON MONTGOMERY,
individually: TIMOTHY CHRISTENSEN,
individually; CORY HART, individually; and
JUSTIN RINER, individually,

      Defendants.

_____/

## ORDER

      This matter comes to the Court on Defendants Polk County Board of County

Commissioners ("County"), City of Winter Haven ("City"), Jason Montgomery,

Timothy Christensen, Cory Hart, and Justin Riner's Motions to Dismiss, Dkts. 122

& 124, and Defendants County and Christensen's Motion to Strike, Dkt. 123,

Plaintiffs Sherry Groover (as representative of the estate of John Darrell Hamilton),

Sherry Groover (individually), Julie Jacoby, and Lois Fulkerson's Third Amended

Complaint, Dkt. 118. Plaintiffs responded. Dkts. 125, 126, 128. With the benefit of

full briefing, the Court grants in part and denies in part the Defendants' Motions to
Dismiss and grants Defendants' Motion to Strike.

## STATEMENT OF THE FACTS

For this motion, the Court accepts the factual allegations in the Third
Amended Complaint as true. Early in the morning on May 3, 2014, John Hamilton
suffered a heart attack. Dkt. 118 ¶ 12. Shortly after, his mother Lois Fulkerson
called for emergency medical services. *Id.* During the call, at 5:23 a.m., Hamilton
could be heard in the background, alive. *Id.* ¶ 14.

Less than ten minutes later, two emergency medical technicians ("EMTs"),
Defendant Christensen and Emory Roberts, arrived at the scene. *Id.* ¶ 15. While
unclear when, Defendants Montgomery, Hart, and Riner also came to provide
medical care to Hamilton. *Id.* ¶¶ 15–16. Roberts declared Hamilton dead on the
scene at 5:36 a.m. *Id.* ¶ 17. At no point during the less than five-minute window
between when the EMTs arrived and when Hamilton was declared dead did
anyone provide any medical care to Hamilton. *Id.* ¶¶ 15, 17 & 20.

Plaintiffs have since investigated the circumstances of Hamilton's death and
discovered discrepancies in official reports about the actions of the EMTs. These
discrepancies include things like Defendant Christensen reporting that when he
arrived on the scene Hamilton had signs of rigor mortis (something contradicted by
later reports) and reports that CPR was done on Hamilton (something contradicted

by Plaintiffs' own understanding of events). *Id.* ¶¶ 21–25. And after months of seeking to obtain information from an EKG allegedly used on Hamilton when the EMTs arrived to give medical care on June 22, 2016, the Polk County medical examiner's office told Plaintiffs that no EKG information exists for Hamilton. *Id.* ¶¶ 29–33.

Plaintiffs sued Montgomery, Christensen, Hart, Riner (collectively, the "Individual Defendants"), the City, and the County, in state court. Dkt. 1-3. Defendants removed to this Court, Dkt. 1, and Plaintiffs filed an Amended Complaint, Dkt. 2. This Amended Complaint was dismissed without prejudice by this Court, and Plaintiffs filed a Second Amended Complaint. Dkts. 90, 98. The Second Amended Complaint was dismissed in part, and Plaintiffs filed a Third Amended Complaint. Dkts. 117, 118. Defendants have now moved to dismiss and strike portions of the Third Amended Complaint. Dkts. 122, 123, 124.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to

the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

As an initial point, the County filed its answer, Dkt. 121, before it filed its Motion to Dismiss, Dkt. 122. "Under Rule 12(b), [Dkt. 122 is] a nullity; by filing an answer, the defendants . . . eschewed the option of asserting by motion that the complaint failed to state a claim for relief." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002). That said, in its Answer the County raised an affirmative defense that: "Defendant [County] is not liable to Plaintiffs pursuant to 42 U.S.C. § 1983 because Defendant [County] had no policy or custom for which any recognizable deprivation of the rights of Plaintiffs arose." Dkt. 121 at 14. This is sufficient to raise this point at the motion to dismiss stage. *See* Fed. R. Civ. P. 12(h)(2)(A). Likewise, the County's Answer preserves the issue on Count XXXI. The County's Answer notes it "is simultaneously filing herewith a Motion to Dismiss Count XXXI; therefore, [the County] will not respond to the allegations of Count XXXI herein." Dkt. 121 at 12. In the interest of judicial economy, the Court will consider the County's Motion to Dismiss Count XXXI, since it is nearly identical to the similar motion under consideration for the City seeking to dismiss

4

Count XXXII. To do otherwise would just require the County to file a redundant motion for judgment on the pleadings.

On the merits, Plaintiffs' Third Amended Complaint did little to change where this case was after the last set of Motions to Dismiss. First, Defendants ask this Court to dismiss the repled deliberate indifference claims against the City and County for failure to adequately allege a custom or policy that harmed Hamilton. As with the last Complaint and Motions to Dismiss, this is correct and those counts should be dismissed.

There are three ways to show a governmental policy or custom: (1) an express policy; (2) a widespread practice so permanent and well-settled as to constitute a custom; or (3) an act or decision of a municipal official with final policy-making authority. *Cuesta v. Sch. Bd. of Miami–Dade Cnty.*, 285 F.3d 962, 966–68 (11th Cir. 2002). Plaintiffs change two things in their allegations against the County. Against the County Plaintiffs add:

> The actions by and on behalf of these Defendants set forth in this count were not unique events of the violations set forth herein. On information and belief, further similar events of wrongful actions on the part of and/or on behalf of these Defendants have taken place, such events combining to determine a pattern of similar wrongful and illegal behavior[.]

Dkt. 118 ¶ 113. Plaintiffs also add:

> Final policymakers and/or delegated final policymakers of Defendant County, including without limitation Defendant CHISTENSEN and Roberts, made the decisions about Decedent's health, which decisions

> violated the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article 1 Section 21 of the Florida Constitution. Defendant County is a person under applicable law. Defendant CHISTENSEN and Roberts were decisionmakers who possessed final authority to establish municipal policy with respect to the action ordered to be taken. Defendant CHISTENSEN and Roberts made a deliberate choice to follow the course of action chosen from various alternatives described herein which resulted in Decedent's death. The decision was within the realm of the official's grant of authority.

Dkt. 118 ¶ 116. Neither of these new allegations is enough to state a claim. The added allegation about "similar events" is too conclusory to state a claim based on the violation of a custom or policy. *Race v. Bradford Cnty.*, No. 3:18-CV-153-J-39PDB, 2019 WL 7482235, at *18 (M.D. Fla. Aug. 20, 2019), *report and recommendation adopted as modified*, No. 3:18-CV-153-J-39PDB, 2019 WL 7482213 (M.D. Fla. Sept. 26, 2019) (finding that mere allegations of "multiple incidents," "multiple reports," "prior instances" and "numerous grievances and complaints" was insufficient to establish custom or policy).

Additionally, Christensen and Roberts were two field EMTs employed by the County. Both EMTs were supervised by a medical director*, see* Fla. Stat. § 401.265(1), and had no supervisory duties themselves. To turn them into "final decisionmakers" would, in effect, turn any employee that makes decisions into a "final decisionmaker."

Moreover, the Third Amended Complaint still fails to allege the custom or policy at issue. Plaintiffs allege that Hamilton died because of the inaction of the

EMTs but fail to state what custom or policy the EMTs were following that led to Hamilton's death. This is insufficient to state a claim. So Count XIII is dismissed.

For the allegations against the City, Plaintiffs simply change one of the allegations made against the County, adding that:

> Final policymakers and/or delegated final policymakers of Defendant County, including without limitation Defendant MONTGOMERY, HART and RINER, made the decisions about Decedent's health, which decisions violated the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article 1 Section 21 of the Florida Constitution. Defendant County is a person under applicable law. Defendant MONTGOMERY, HART and RINER were decisionmakers who possessed final authority to establish municipal policy with respect to the action ordered to be taken. Defendant MONTGOMERY, HART and RINER made a deliberate choice to follow the course of action chosen from various alternatives. The decision was within the realm of the official's grant of authority.

Dkt. 118 ¶ 130. This change suffers from the same deficiencies as the additions to the allegations against the County. Plaintiffs allege no custom or policy that led to Hamilton's death. Further, Defendants Montgomery, Hart, and Riner are all field EMTs and not "final decisionmakers." So Count XIV too must be dismissed.

Next, Defendant City argues that the repled breach of contract claim fails to allege adequately that there was a contract to which Hamilton was the intended beneficiary. Again, this claim must be dismissed. "Under Florida law, a third party may enforce an agreement between others only if [the third party] is an intended beneficiary, not an incidental beneficiary, of that agreement." *Maccaferri Gabions, Inc. v. Dynateria Inc.*, 91 F.3d 1431, 1441 (11th Cir. 1996). For a third party to be

an intended beneficiary, the parties to the contract, or the contract itself, must

express "an intent to primarily and directly benefit the third party." *Id.* (citation

omitted). The third party need not be explicitly named, but must be part of a

"limited class" of intended beneficiaries. *Technicable Video Sys., Inc. v.*

*Americable of Greater Miami, Ltd.*, 479 So. 2d 810, 812 (Fla. 3d DCA 1985).

Plaintiffs add that "[Hamilton] was part of a limited class of intended third-

party beneficiaries to one or more contracts between Defendants County and City

for medical care and services to Decedent." Dkt. 118 ¶ 310. This amounts to

nothing more than "a formulaic recitation of the elements of a cause of action."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must point to the

contract that purportedly was breached in order for this claim to proceed. They

have not done so, thus Count XXXII must be dismissed. For the same reason, the

contract claim against the County, Count XXXI, is likewise dismissed.

Defendants Montgomery, Hart, and Riner also argue that the individual

deliberate indifference claims against them should be dismissed because Hamilton

was not in the state's custody when he died. But, as with the previous Complaint,

this argument fails. In this Circuit, deliberate indifference claims for non-custodial

situations are actionable so long as the Plaintiff shows actions that "can be

characterized as arbitrary or conscience shocking in a constitutional sense."

*Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1305 (11th Cir. 2003).

8

Plaintiffs have sufficiently alleged this at this stage in the proceedings. Counts XV, XVII, and XVIII may proceed.

Finally, Defendants move to strike demands in the Third Amended Complaint for equitable relief and joint and several liability. Plaintiffs correctly concede these demands are improper. Dkt. 127. The Court strikes those demands.

## CONCLUSION

The Court grants the Defendant County's Motion to Dismiss, Dkt. 122; grants Defendants County and Christensen's Motion to Strike, Dkt. 123; and grants in part and denies in part Defendants City, Montgomery, Hart, and Riner's Motion to Dismiss, Dkt. 124. Counts XIII, XIV, XXXI, and XXXII are dismissed without prejudice and any demand for equitable relief or joint and several liability is struck from the Third Amended and next Complaint. Should they choose, Plaintiffs have fourteen days to replead any of the dismissed counts; frankly this Court does not recommend another attempt to state these claims. If no such attempts at refiling these claims are forthcoming, Plaintiffs should file a clean, standalone Fourth Amended Complaint with the remaining counts. And Defendants should file Answers and full defenses, which will put the pleadings at rest.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

9

**<u>COPIES FURNISHED TO:</u>**
Counsel of Record